**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000624**
**30-JAN-2019**
**07:59 AM**

NO. CAAP-16-0000624

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Tax Appeal
of
LEWIS W. POE, Taxpayer-Appellant
v.
CITY AND COUNTY OF HONOLULU, Appellee

APPEAL FROM THE TAX APPEAL COURT
(CASE NO. 01-0143)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Taxpayer-Appellant Lewis W. Poe (Poe) appeals pro-se from the Order of Dismissal with Prejudice Pursuant to Rule 29, Rules of the Tax Appeal Court and Rule 41(b)(2) of the Hawaii Rules of Civil Procedure (Involuntary Dismissal), filed August 11, 2016, in the Tax Appeal Court of the State of Hawai'i (Tax Appeal Court).[1]

This case arises from Poe's challenge to the validity of a real property assessment conducted for property tax purposes in 2001 by Appellee City and County of Honolulu (City); the City's failure to submit a draft written order granting the City's oral motion for a directed verdict during the trial in

---

[1] The Honorable Gary W.B. Chang presided.

2004;[2] and the Tax Appeal Court's subsequent *sua sponte* involuntary dismissal of the case for lack of prosecution in 2016.

On appeal, Poe contends in his opening brief: (1) that there remain unsettled issues of fact; and (2) that the Tax Appeal Court failed to diligently perform its duties when it failed to ensure that a timely final judgment was filed in the case after announcing its oral decision at trial on January 7, 2014. In his reply brief,[3] Poe additionally requests that this court: (1) reverse or vacate the Involuntary Dismissal, (2) declare that the Tax Appeal Court violated the Revised Code of Judicial Conduct, (3) declare that Poe was denied his constitutional right to due process, (4) hold that Poe was denied his right to protect his own property interests, (5) issue an order to refund Poe's filing fees, and (6) reassign the judge of

---

[2] After Poe rested his case, the City moved for a directed verdict pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 50(a) and Hawaiʻi Supreme Court decision Fong v. Hashimoto, 92 Hawaiʻi 568, 572 n.3, 994 P.2d 500, 504 n.3 (2000) (a motion for a directed verdict in a bench trial shall be considered as a motion to dismiss under HRCP Rule 41(b)). The City did not submit a draft written order granting its motion to dismiss to the Tax Appeal Court and the Tax Appeal Court did not file a written order granting the City's motion to dismiss.

[3] We note for the purpose of facilitating any future appeals that all points of error must be contained in the Opening Brief per Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(4) (2016). Any points of error or requests for relief raised for the first time on appeal in the reply brief may be deemed waived by the appellate court. See Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc., 115 Hawaiʻi 232, 281 n.39, 167 P.3d 225, 274 n.39 (2007) (citing In re Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 14 n. 5, 868 P.2d 419, 432 n. 5 (1994)).

Further, we note that each statement of a point of error must include: "(i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." HRAP Rule 28(b)(4). Finally, we note that,

> "[w]here applicable, each point shall also include the following: (A) when the point involves the admission or rejection of evidence, a quotation of the grounds urged for the objection and the full substance of the evidence admitted or rejected; . . . (C) when the point involves a finding or conclusion of the court or agency, either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions[.]

HRAP Rule 28(b)(4).

the Tax Appeal Court to a different area of the law.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Poe's points of error as follows.

The initial contention raised on appeal by Poe is whether the Tax Appeal Court erred in *sua sponte* entering an involuntary dismissal in this case for lack of prosecution pursuant to the Rules of the Tax Appeal Court of the State of Hawai'i (RTAC) Rule 29[4] and HRCP Rule 41(b)(2).[5]

The Hawai'i Supreme Court views an HRCP Rule 41(b)(2) involuntary dismissal of a complaint with prejudice as a measure of last resort. "The threshold standard for granting an involuntary dismissal of a complaint with prejudice is set high: the record must show deliberate delay, contumacious conduct or actual prejudice." In re Blaisdell, 125 Hawai'i 44, 49, 252 P.3d 63, 68 (2011) (citing Shasteen, Inc. v. Hilton Hawaiian Village Joint Venture, 79 Hawai'i 103, 107, 899 P.2d 386, 390 (1995)).

The Hawai'i Supreme Court has stated that "failure to otherwise prosecute a case does not, in and of itself, support dismissal. The failure must amount to a deliberate delay on the part of the plaintiff." Shasteen, 79 Hawai'i at 107, 899 P.2d at 390.

Contumacious conduct is defined by the Hawai'i Supreme Court as "[w]illfully stubborn and disobedient conduct." In re Blaisdell, 125 Hawai'i at 50, 252 P.3d at 69 (citation omitted).

Deliberate delay is not itself grounds for an

---

[4] Rule 29. General Procedure. In procedural matters not specifically provided for by the foregoing rules, the court will be guided, to the extent applicable, by the Rules of the Circuit Courts of the State of Hawai'i, and the Hawai'i Rules of Civil Procedure.

RTAC Rule 29 (1981).

[5] (2) For failure to prosecute or to comply with these rules or any order of the court, the court may sua sponte dismiss an action or any claim with written notice to the parties. Such dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.

HRCP Rule 41(b)(2) (2012).

involuntary dismissal unless the delay also causes actual prejudice to a defendant. In re Blaisdell, 125 Hawai'i at 49, 252 P.3d at 68 (citing Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir. 1976)). An unreasonable delay carries a rebuttable presumption of such prejudice. In re Blaisdell, 125 Hawai'i at 49, 252 P.3d at 68.

Hawai'i courts have upheld involuntary dismissals with prejudice for deliberate delay on rare occasion. See, e.g., Ellis v. Harland Bartholomew and Assocs., 1 Haw. App. 420, 620 P.2d 744 (1980) (plaintiff filed numerous motions to delay trial and simply submitted affidavits reciting his excuses for unavailability); Hawaii Auto. Retail Gasoline Dealers Ass'n, Inc. v. Brodie, 2 Haw. App. 99, 101, 626 P.2d 1173, 1175 (1981) (plaintiff first deposed the defendant on the eve of trial after two years of discovery and "artful dodging of diligent prosecution"); Anderson, 542 F.2d at 524 (plaintiff filed a complaint immediately before the running of the statute of limitations, yet failed to complete service for a year).

Here, the record does not support a conclusion that Poe acted to delay entry of the decision of the Tax Appeal Court following the trial on January 7, 2004. On January 7, 2004, the Tax Appeal Court ordered the City to prepare the appropriate order after orally granting the City's motion for a directed verdict and concluding the trial. The record on appeal contains no indication that the City ever submitted such a draft order. Poe asserts that on August 10, 2004, he sent a letter to the Tax Appeal Court requesting the written judgment. On March 6, 2012, the Tax Appeal Court filed a notice proposing dismissal without prejudice for want of prosecution unless objections showing good cause were filed within ten days. On March 13, 2012, Poe filed a declaration objecting to the proposed dismissal and chronicling phone calls to the City that occurred in 2004, in the wake of the trial, in which Poe expressed his need for a written judgment. The March 13, 2012 declaration also asserted Poe's intention to appeal and his renewed request for a written judgment granting the City's motion to dismiss from which to do so. The City took no action. On August 11, 2016, the Tax Appeal Court filed the

4

Involuntary Dismissal with prejudice against Poe, and Poe timely filed an appeal to this court.

The record shows that no action was ever taken in response to Poe's requests for a written order granting the City's motion to dismiss. Thus, Poe did not deliberately delay the proceedings. Poe's actions do not prejudice the City because the order Poe requested granted a motion in favor of the City. Further, in the Involuntary Dismissal, the Tax Appeal Court "made no findings of deliberate delay, contumacious conduct, or actual prejudice and offered no express considerations of less severe sanctions." Wheels of Justice, LLC v. Title Guar. Escrow Servs., Inc., No. CAAP-14-0000758, 2017 WL 1927746, at *2 (Haw. App. May 10, 2017) (SDO). For these reasons, the Tax Appeal Court erred in entering the Involuntary Dismissal in this case.

In light of our disposition of this appeal, we need not address Poe's other points of error.

Accordingly, we vacate the Order of Dismissal with Prejudice Pursuant to Rule 29, Rules of the Tax Appeal Court and Rule 41(b)(2) of the Hawaii Rules of Civil Procedure, filed August 11, 2016, and we remand to the Tax Appeal Court for entry of a written order, and appropriate findings of fact and conclusions of law, granting the City's HRCP Rule 50(a) motion for a directed verdict as ordered at the trial conducted on January 6 and 7, 2004.

DATED: Honolulu, Hawai'i, January 30, 2019.

On the briefs:

Lewis W. Poe,
Taxpayer-Appellant, pro-se.

Lee M. Agsalud,
Deputy Corporation Counsel,
City and County of Honolulu,
for Appellee.

Presiding Judge

Associate Judge

Associate Judge

5